11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Texas Department of Mental Health and 

Mental Retardation and Abilene State School

 

Appellants

Vs.                   No.
11-01-00258-CV B Appeal from Taylor County

Ethel White Kelley, Individually, and 

Richard D. Kelley, on Behalf of the

Estate of Anita Gay Kelley

 

Appellees

 

The sole
issue in this case is whether TEX. HEALTH & SAFETY CODE ANN. ' 321.003 (Vernon 2001) evidences the
legislature=s intent to clearly and unambiguously waive
the State=s sovereign immunity from suit.

Ethel
White Kelley, individually, and Richard D. Kelley, on behalf of the Estate of
Anita Gay Kelley, sued the Texas Department of Mental Health and Mental
Retardation and Abilene State School for violations of the APatient=s Bill of Rights@ which were recognized and adopted under the provisions of TEX. HEALTH
& SAFETY CODE ANN. ch. 321 (Vernon 2001).

Anita Gay
Kelley, a mentally-retarded person who resided in a Acottage@ at the Abilene State School, was found dead in her bathtub.  Appellees alleged that appellants guaranteed
to Anita Gay Kelley certain rights, including freedom from mistreatment, abuse,
neglect, and exploitation and that appellants failed to insure and secure the
rights guaranteed resulting in damages to appellees.

Appellants
filed a plea to the jurisdiction, asserting sovereign immunity.  The Abilene State School and the Texas
Department of Mental Health and Mental Retardation are state agencies entitled
to assert sovereign immunity from suit. 
See TEX. HEALTH & SAFETY CODE ANN. & 532.001(a) & (b)(9)
(Vernon Pamph. Supp. 2003).  The trial
court denied the plea, and appellants appealed.








We delayed
our decision in this case because the same controlling issue was before the
Texas Supreme Court.  On March 6, 2003,
the court in Wichita Falls State Hospital v. Taylor, 46 Tex. Sup. Ct. J. 494
(March 6, 2003), held that Section 321.003 of the Texas Health & Safety
Code does not waive the State=s sovereign immunity from suit. 
The holding in Taylor is dispositive in the present case.  

We reverse
the trial court=s judgment denying appellants= plea to the jurisdiction and dismiss
appellees= claims for want of jurisdiction.

 

PER
CURIAM

 

March 20, 2003

Panel consists of: Wright, J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.